IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| ANTONIO RIVERA JR., | ) | CV. NO. 10-00451 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CARPENTER, and/or his | ) | |
| successor, individually and in his | ) | |
| official capacity as CEO of GMAC | ) | |
| MORTGAGE LLC; JOHN OR | ) | |
| JANE DOES; CORPORATIONS 1- | ) | |
| 100; and JOHN ROES 1-10,000, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING THE ACTION WITHOUT PREJUDICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiff's motion and the

supporting memorandum, the Court **DISMISSES THE ACTION WITHOUT**

**PREJUDICE**.  Accordingly, the Court **DENIES** at moot Plaintiff's Request for a

Temporary Restraining Order.  (Doc. # 5.)

On August 3, 2010, Plaintiff Antonio Rivera, Jr., proceeding pro se,

filed a Complaint with this Court entitled "Emergency Motion/Request for

Evidentiary Hearing and Order to Show Cause Concerning Defendants' Filing of

False Documents into a Public Office."  (Doc. # 1.)  In addition to his Complaint,

Plaintiff filed a Request for Temporary Restraining Order.  (Doc. # 5.)

        Plaintiff has prior dealings with this Court.  On July 15, 2010,

Plaintiff filed a complaint and motion for temporary restraining order ("TRO") in

an action captioned CV 10-00402 DAE-KSC. (CV 10-00402 DAE-KSC, Doc.

# 1.)  Plaintiff sought to enjoin Defendants Michael Carpenter, GMAC Mortgage

LLC, and unidentified individuals and corporations from foreclosing on Plaintiff's

real property.  The property that is the subject of that complaint is located at

55-592 Hawi Road, Hawaii County, Hawaii. (Id. ¶ 47.)  On July 16, 2010, the

Court denied Plaintiff's motion for temporary restraining order without prejudice

and directed Plaintiff on how to file an appropriate motion if he should choose to

do so.  (CV 10-00402 DAE-KSC, Doc. # 6.)  On July 16, 2010, Magistrate Judge

Chang denied Plaintiff's application to proceed In Forma Pauperis and dismissed

Plaintiff's complaint with leave to amend.  (CV 10-00402 DAE-KSC, Doc. # 7.)

Plaintiff was provided until August 16, 2010 to file an amended complaint curing

the deficiencies and also granted to file another Application to Proceed In Forma

Pauperis or pay the filing fee by August 16, 2010.  (Id.)

        Plaintiff's instant Request for a Temporary Restraining Order was not

re-filed in CV 10-00402 DAE-KSC as directed by this Court.  Instead, Plaintiff has

filed a brand new action in order to submit his instant Request.  The Court notes

that the instant action is against parties identical to the defendants in CV 10-00402

DAE-KSC and concerns impending foreclosure of the same property located at 55-

592 Hawi Road, Hawaii County, Hawaii.  (Doc. # 5.)

   Parties generally have "no right to maintain two separate actions

involving the same subject matter at the same time in the same court and against

the same defendant."  Matubang v. City and County of Honolulu, Nos. 09-00130 &

10-00173, 2010 WL 2176108, *2 (D. Haw. May 27, 2010) (quoting Walton v.

Eaton Corp., 563 F.2d 66, 70-71 (3d Cir. 1977)); see also Chinn v. Giant Food,

Inc., 100 F. Supp. 2d 331, 333-34 (D. Md. 2000).   "A court facing duplicative

actions may: (1) stay the second action; (2) dismiss the second action without

prejudice; (3) enjoin the parties from proceeding with the second action; or (4)

consolidate the two actions."  Id.  (quoting Team Enterprises, LLC v. Western

Investment Real Estate Trust, No. 08-0872, 2008 WL 4826132, *4 (E.D. Cal. Nov.

6, 2008)); see also Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2nd Cir. 2000).

   In Matubang, the court noted that

> consolidation of the two actions will cause no harm provided that the
> district court carefully insures that the plaintiff does not use the tactic
> of filing two substantially identical complaints to expand the
> procedural rights he would have otherwise enjoyed.  In particular, the
> court must insure that the plaintiff does not use the incorrect

procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. Proc. 15, and demand for trial by jury, Fed. R. Civ. Proc. 38.

Matubang, 2010 WL 2176108, *3.  Here, Plaintiff has clearly filed a duplicative

action, the purpose of which appears to be to avoid this Court's prior orders, in

particular, Magistrate Judge Chang's order to file an amended complaint and

Application to Proceed In Forma Pauperis.  This circumvention of this Court's

prior orders and the Federal Rules of Civil Procedure requires dismissal of the

instant action without prejudice.

For the reasons stated above, the Court **DISMISSES THE ACTION**

**WITHOUT PREJUDICE**.  Accordingly, the Court **DENIES** at moot Plaintiff's

Request for a Temporary Restraining Order.  (Doc. # 5.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 3, 2010.



_____
David Alan Ezra
United States District Judge

Rivera v. Carpenter et al., Cv. No. 10-00451 DAE-BMK; ORDER DISMISSING THE ACTION WITHOUT PREJUDICE